UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENDRA M. CARRINGTON,

                           Plaintiff,

    v.

SANTANDER CONSUMER U.S.A., INC., *et.al.*,

                           Defendants.

Case No. 2:17-cv-00038-KJD-NJK

ORDER

       Presently before the Court is Defendant Santander Consumer U.S.A. Inc.'s Motion to Dismiss (#26). Plaintiff filed a response in opposition (#33/34/35) to which Defendant replied (#38).

**I. Facts**

       In 2014, Plaintiff re-financed a car loan, paying off the balance owed to Defendant Santander Consumer U.S.A. Inc. ("Santander"). The loan payoff was received by Santander on August 6, 2014. On August 5, 2014, Plaintiff contacted Defendant Experian Information Services, Inc. ("Experian") through a credit repair service and disputed numerous accounts including the Santander account which had just been paid off. Initially, on or about August 14, when Santander received notice of the credit dispute from Experian, it reported Plaintiff's account as current, when it should have reported it closed and paid in full. A letter was sent to Plaintiff on August 29, 2014 showing that the Santander account was still reporting as open with a $525.00 monthly payment.

       Plaintiff filed the present action on January 5, 2017. Plaintiff alleged that Defendant Santander violated the Fair Credit Reporting Act ("FCRA") by furnishing inaccurate information

to the consumer reporting agency (Experian). Plaintiff also alleged that Defendant violated the Nevada Deceptive Trade Practices Act but has since abandoned the claim.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy." O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**III. Analysis**

A plaintiff must bring an action under the FCRA no later than 2 years after the date the plaintiff discovers the violation that is the basis for liability. 15 U.S.C. § 1681p. The statute of limitations begins to run on the date a reasonably diligent Plaintiff would have discovered the facts constituting the violations. Grigoryan v. Experian Info Sols., Inc., 84 F. Supp.3d 1044, 1058 (C.D. Cal. 2014). Here, Plaintiff reported a dispute with information supplied by Santander to Experian on August 5, 2014. On August 14, 2014, Santander supplied an incorrect report to Experian in response. On August 29, 2014, Experian notified Plaintiff that the account was still showing as open. Plaintiff should have discovered no later than August 29, 2014 that inaccuracies were continuing to be reported by Santander. However, Plaintiff's complaint was not filed until January 5, 2017 more than four months past the deadline. Therefore, Defendant's motion to dismiss is granted.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Santander Consumer U.S.A. Inc.'s Motion to Dismiss (#26) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant Santander Consumer U.S.A. Inc. and against Plaintiff.

Dated this 28th day of September, 2018.

_____
The Honorable Kent J. Dawson
United States District Judge